IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GARCIA-REYES, AC5886, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> R. R. BARNES, Warden, ) <br> ) <br> Respondent. ) <br> ) | No. C 12-0971 CRB (PR) <br><br> ORDER OF DISMISSAL <br><br> (Docket # 2 & 4) |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted after a jury trial of manufacturing a controlled substance, possessing methamphetamine for sale and possessing controlled substances while armed with a loaded gun. The jury also found that petitioner was personally armed with a firearm during the commission of the first two offenses. On February 10, 2010, the trial court sentenced petitioner to nine years in state prison.

Petitioner appealed on the ground that the trial court erred in denying motions to quash the search warrant and to suppress evidence. On August 14, 2011, the California Court of Appeal affirmed the judgment of the trial court and, on December 14, 2011, the Supreme Court of California denied review.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." <u>Id.</u> § 2254(d).

A habeas petition may be dismissed if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990). Summary dismissal is appropriate if the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. <u>Id.</u>

B. <u>Legal Claims</u>

Petitioner seeks federal habeas relief on the ground that his Fourth Amendment rights were violated because the search warrant lacked probable cause and illegally obtained evidence was admitted. He also claims denial of due process because the California Court of Appeal improperly rejected his claim and affirmed the conviction.

Petitioner's Fourth Amendment claim is barred by <u>Stone v. Powell</u>, 428 U.S. 465, 481-82, 494 (1976), which bars federal habeas review of Fourth

Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. Here, even if the state courts' determination of petitioner's Fourth Amendment claim was improper, it cannot be remedied in federal habeas because petitioner was provided a full and fair opportunity to litigate the issues in the state courts. See Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983). Petitioner's additional claim that the California Court of Appeal improperly rejected his Fourth Amendment and related state law claims cannot provide a separate basis for relief. See id.; see also Application of Gordon, 157 F.2d 659, 660 (9th Cir. 1946) (allegation that state court decided appeal improperly not enough to state claim in federal habeas).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED and, based solely on petitioner's affidavit of poverty, the request to proceed in forma pauperis (docket # 2 & 4) is GRANTED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall terminate all pending motions as moot, enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED: June 6, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.12\Garcia-Reyes, J.12-0971.dismissal.wpd